**THOMAS & BETTS CORPORATION and Thomas & Betts Holdings, Inc., New Jersey corporations, Plaintiffs,**

v.

**PANDUIT CORP., a Delaware corporation, and Jeffrey Wimmer, an individual, Defendants.**

**No. 93 C 4017.**

United States District Court, N.D. Illinois, Eastern Division.

Dec. 3, 1999.

Stacey Lee Prange, Chapman & Cutler, Robert W. Queeney, Williams M. Stevens, Jonathan Edward Strouse, Jerry Kronenberg, George M. Sanders, Steffanie N. Garrett, McBride, Baker & Coles, Chicago, IL, James Kay, Lewis & McKenna, Saddle River, NJ, Jonathan Park Graham, Paul Martin Wolff, Williams & Connolly, Washington, DC, for Plaintiffs.

Charles R. Wentzel, Robert A. McCann, Mark D. Hilliard, Tinely Park, IL, James L. Coghlan, Edward J. Egan, Debra Marie Cyranoski, Elizabeth A. Longo, Catherine C. Cook, Coghlan, Kukankos & Cook, Michael P. Padden, Gardner, Carton & Douglas, Richard William Austin, John J. Walsh, III, Mark Peter Standa, Pretzel & Stouffer, Chtd., Chicago, IL, for Defendants.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Plaintiff objects to Magistrate Judge Keys' order of July 30, 1999, to the extent it denies (a) monthly sales of competitive products to Panduit's distributors for the

years 1990 through 1997, (b) sales of all products to those distributors that purchased Panduit's Barb–Ty cable tie, and (c) sales of competitive products as defined by T & B. We overrule the objections to (a) and (b) and provide a structure for determining (c).

■ Panduit claims that providing the monthly sales data requested would be a monumental undertaking. T & B contends that Panduit very much exaggerates the difficulty of the task and argues that it can be done in a much more simple and efficient fashion. Who is right we do not need to determine. The affidavit of Michael J. Wagner, Exhibit G to Panduit's response, makes it clear that monthly figures would be helpful but are not critical to calculate an unjust enrichment claim. Judge Keys was not clearly erroneous in deciding that the monthly sales data need not be developed. It was a balancing of effort- and benefits-judgment he was entitled to make.

■ We likewise uphold his ruling that sales of all non-competitive products to those distributors that purchased Panduit's Bar–Ty cable tie need not be developed and disclosed. Plaintiff's reasoning, we believe, is as follows: Although Barb–Ty cable ties do not themselves implicate plaintiff's trade secrets, they are a lead-in product in developing a business relationship with a distributor. Defendant had advantages in targeting distributors because of Wimmer's knowledge of high-margin distributors, and it exploited that advantage to introduce Barb–Ty cable ties and then sell other non-competitive products, thus being unjustly enriched. Plaintiff should recover that unjust enrichment even though it could not itself have made those sales. We think that is just too far a stretch, particularly since there is nothing to suggest that the identity of potential customers is a mystery, unknown to those with experience in the industry and not capable of being known except through the appropriation of trade secrets.

We are, however, uncomfortable with the present posture of the sales data of competitive products as defined by T & B. T & B claims the figures involve a comparison of apples and oranges. Panduit insists the figures are all the same oranges. We do not think we are in a position to say who is right, and we say so in an agreed context that T & B is entitled to comparable sales data based on its conception of what are competitive products. We believe the best way to resolve the matter is as follows: The parties shall ask one of the major auditing-management consulting firms to designate an appropriate person to review the pertinent material, meet with a technically proficient representative for each of plaintiff and defendants (with attorneys as observers but not participants), acquire such additional information as he or she may need, and make a recommendation to the court. Each side will initially share the costs, with allocation of the costs subject to change by the court.

Such an arrangement should be rapid and dispositive. At this juncture the person designated may have to review the transcript of the July 30, 1999, hearing, pages 1–4 of T & B's Objections and Exhibits B, C and D of those Objections; pages 7–13 of Panduit's response and related exhibits; and pages 7–14 of the reply and related exhibits. Since that is, essentially, the information provided to the court, from which the parties believed the court would have enough information to make a decision, we assume a technically proficient person should need little, if anything, more. We see no reason why a report to the court cannot be forthcoming before December 23, 1999, and we set the matter for status on that date at 9:45 a.m. If the parties cannot immediately agree on the designated firm, plaintiff shall select the firm, subject to the requirement that it be one of the major firms. The firm shall designate a person with the appropriate skills.